UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-04153 CAS | Date | September 19, 2011 |
|---|---|---|---|
| Title | LOREAN BARRERA v. PHARMAVITE, LLC | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| RITA SANCHEZ | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Patricia N. Syverson | Rene P. Tatro<br>Juliet A. Markowitz | |

**Proceedings:** **DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT UNDER FRCP 8(a), 9(b) & 12(b)(6)**

**DEFENDANT'S MOTION TO STRIKE ALLEGATIONS FROM PLAINTIFF'S FIRST AMENDED COMPLAINT** (filed 8/15/2011)

## I.    INTRODUCTION

On May 13, 2011, plaintiff Lorean Barrera ("Plaintiff" or "Barrera") filed the instant putative class action suit in connection with the marketing and sales of defendant Pharmavite's "TripleFlex" dietary supplements.  On June 13, 2011, plaintiff filed a first amended class action complaint ("FAC").  The FAC alleges: (1) violation of the Consumers Legal Remedies Act ("CLRA") under California Civil Code §1750 *et seq.*; (2) violation of the Unfair Competition Law ("UCL") under California Business and Professions Code §17200 *et seq.*; and (3) breach of express warranty.  FAC. at 1.

On August 12, 2011, Pharmavite filed the instant motions to dismiss and to strike allegations from plaintiff's FAC.  Plaintiff opposed the motions on August 26, 2011.  Pharmavite replied on September 2, 2011.  After carefully considering the arguments of both parties, the Court finds and concludes as follows.

## II.    BACKGROUND

Pharmavite manufactures, markets and sells a line of joint health dietary

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-04153 CAS | Date | September 19, 2011 |
|---|---|---|---|
| Title | LOREAN BARRERA v. PHARMAVITE, LLC | | |

supplements called "TripleFlex," which it promotes as a cure for the major symptoms of arthritis. FAC ¶ 1. On each TripleFlex product label, Pharmavite claims TripleFlex will improve joint "comfort, mobility and flexibility" by "replenishing the body with key nutrients needed for daily maintenance and renewal of your joints." Id. ¶ 3.

Plaintiff alleges that she purchased one of Pharmavite's products because she was deceived by Pharmavite's representations that its products were effective arthritis remedies. Id. ¶ 10. Plaintiff also contends that she and the class members were deceived by defendant because after affirmatively asserting its products would relieve the major symptoms of arthritis, defendant failed to inform plaintiff and the class members that it did not possess competent scientific evidence to support its health benefit claims. Id. ¶ 11. Plaintiff further asserts that she and the class members "have been and others will continue to be deceived or misled by [d]efendant's deceptive representations . . . ." Id. ¶ 33.

### III. LEGAL STANDARD

#### A. Federal Rule of Civil Procedure 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-04153 CAS | Date | September 19, 2011 |
|---|---|---|---|
| Title | LOREAN BARRERA v. PHARMAVITE, LLC | | |

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pac. Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. DISCUSSION

### A. Lack of Substantiation

"Because there is no private remedy for unsubstantiated advertising [under California law], [a] [p]laintiff may bring an action, if at all, only for false or misleading advertising. Thus [a] plaintiff can only maintain [its] action against [a] [d]efendant by pleading facts to support an allegation that [the] [d]efendant's advertising claims are false or misleading." Fraker v. Bayer, 2009 WL 5865687, *8 (E.D. Cal. Oct. 6, 2009).

Pharmavite argues plaintiff's FAC pursuant should be dismissed to Fed. R. Civ. P. 12(b)(6) because plaintiff's claims are premised on a "lack of substantiation" theory. Mot. at 6–11.

Specifically, Pharmavite contends that plaintiff fails to allege Pharmavite's claims about the TripleFlex products are actually false and misleading, but rather merely asserts that Pharmavite's product claims are not substantiated by "competent scientific evidence." Id. at 6–7. Relying on Chavez v. Nestle, 2011 WL 2150128, *5 (C.D. Cal. May 19, 2011), in which this Court dismissed a claim where the plaintiffs failed to allege facts challenging health claims made by a juice distributor, Pharmavite argues plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-04153 CAS | Date | September 19, 2011 |
|---|---|---|---|
| Title | LOREAN BARRERA v. PHARMAVITE, LLC | | |

granted.  Id. at 9.  According to Pharmavite, just as in Chavez, "[p]laintiff has not articulated what about [defendant's] [advertising] claim is deceptive beside the fact that it is supposedly unsubstantiated."  Id.

Plaintiff responds that Pharmavite recasts her case as a "lack of substantiation case" when in reality if "read as a whole Plaintiff does plead that the advertising statements are 'false or misleading."  Opp. at 7.  Plaintiff cites such contentions in her FAC as Pharmavites claims are "false, misleading and/or likely to deceive the consuming public" FAC ¶ 61, and Pharmavites claims are "factually baseless."  FAC ¶ 21.[1]

The Court finds that while some of the claims in the complaint conclusorily state that Pharmavite's product labels make false and misleading statements, when considered as a whole as it must be for the purposes of a 12(b)(6) motion, see Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007), the complaint primarily alleges the claims on defendant's labels lack substantiation.  Among others, the FAC alleges that "defendant represented (and continues to represent) . . . that it had competent scientific evidence to back up these assertions when it did not possess such evidence" ¶ 8, that "[d]efendant failed to inform [p]laintiff . . . that it did not possess competent scientific evidence to support these health benefit claims," ¶ 12, and that "there is no competent scientific evidence that taking glucosamine . . . results in the body metabolizing it . . . ." ¶ 22.  As in Chavez, the "primary focus" of the plaintiff's FAC can only be said to be "a supposed lack for substantiation for the advertised attributes" of Pharmavite's products.

---

[1] Additionally, plaintiff cites a number of cases which she claims demonstrate her claims are not improper lack of substantiation claims.  Opp. at 8–10.  However, the Court finds these cases distinguishable, and that rather than prove plaintiff's claims are valid, these cases suggest just the opposite.  For example, plaintiff relies substantially on Rikos v. Proctor & Gamble Co., No. 1:11-cv-226, 2011 WL 1707209 (S.D. Ohio 2011) in which the court declined to find the plaintiff's claims were premised on a lack of substantiation theory even though the plaintiff's complaint alleged defendant's claims lacked scientific evidence.  The key difference between the Rikos case and the present matter however, is that in Rikos the defendant's advertisements claimed defendant's products had "clinically proven" health benefits.  Here, Pharmavite has made no such claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-04153 CAS | Date | September 19, 2011 |
|---|---|---|---|
| Title | LOREAN BARRERA v. PHARMAVITE, LLC | | |

2011 WL 2150128 at *5.[2]

Accordingly, the Court DISMISSES plaintiffs' complaint without prejudice.

**V.   CONCLUSION**

In accordance with the foregoing, the Court GRANTS defendant's motion to dismiss without prejudice.  Plaintiff shall have **twenty (20)** days from the date of this order to file an amended complaint.

IT IS SO ORDERED.

|  | 00 | : | 02 |
|---|---|---|---|
| Initials of Preparer | RS | | |

---

[2] Because the Court finds plaintiff's claims are premised on an improper "lack of substantiation" theory, the Court declines to address Pharmavite's other arguments or its motion to strike.  However, the Court finds without merit Pharmavite's contention that plaintiff's knowledge of Pharmavite's alleged misconduct would bar plaintiff from seeking an injunction in the context of a class action.  See Chavez, 2011 WL 2150128 at *6.