BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
ELAINE A. RYAN (*To be admitted Pro Hac Vice*)
PATRICIA N. SYVERSON (203111)
2901 N. Central Avenue, Suite 1000
Phoenix, AZ  85012
Telephone:  602-274-1100
Facsimile: 602-798-5825

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
TODD D. CARPENTER (234464)
600 W. Broadway, Suite 900
San Diego, California 92101
Telephone:  619-756-6978
Facsimile:  602-274-1199

FUTTERMAN HOWARD ASHLEY
& WELTMAN, P.C.
STEWART WELTMAN (*admitted Pro Hac Vice*)
122 S. Michigan Avenue, Suite 1850
Chicago, Illinois 60603
Telephone:  312-427-3600
Fax: 312-427-1850
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOREAN BARRERA, On Behalf of Herself and All Others Similarly Situated and the General Public,<br><br>Plaintiff,<br><br>v.<br><br>PHARMAVITE, LLC, a California limited liability company,<br><br>Defendant. | Case No.:  CV-11-4153 (AGrx)<br><u>CLASS ACTION</u><br><br>SECOND AMENDED CLASS ACTION COMPLAINT FOR:<br><br>1. VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT, Civil Code §1750 *et seq.*;<br>2. VIOLATION OF THE UNFAIR COMPETITION LAW, Business and Professions Code §17200 *et seq.*; and<br>3. BREACH OF EXPRESS WARRANTY.<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Lorean Barrera ("Plaintiff"), by and through her attorneys, brings this action on behalf of herself and all others similarly situated against Defendant Pharmavite, LLC ("Pharmavite" or "Defendant"), and alleges as follows:

## NATURE OF ACTION

1.     Defendant manufactures, markets, sells and distributes the Nature Made® TripleFlex line of joint health dietary supplements.[1] Through an extensive, widespread, comprehensive and uniform nationwide marketing campaign, Defendant claims that its TripleFlex products will help improve joint mobility, increase joint flexibility and reduce joint pain for all joints in the human body, for adults of all ages and for all stages of joint disease.  For example, on each and every TripleFlex product label and/or package, Defendant prominently states that TripleFlex, with its "Triple-Ingredient" formula, helps improve joint "comfort, mobility and flexibility" by "replenishing key nutrients for daily maintenance and renewal of joints" (hereafter referred to as the "joint renewal and rejuvenation" representations). However, the TripleFlex products do not support joint renewal and rejuvenation.  Clinical cause and effect studies have found no causative link between the ingredients in the TripleFlex products and the prevention or lessening of joint degeneration or relief from joint discomfort.  Defendant also does not have competent and reliable scientific evidence to support its representations. Defendant's representations are false, misleading, and reasonably likely to deceive the public.

2.     Despite the deceptive nature of Defendant's representations, Defendant conveyed and continues to convey its deceptive joint renewal and rejuvenation representations through a variety of media, including in its print, radio and television advertisements, as well as on its Product packages and labeling, website and online promotional materials. The only reason a consumer would purchase the TripleFlex

---

[1] The TripleFlex products include: (1) TripleFlex Triple Strength; (2) TripleFlex 50+; (3) TripleFlex Triple Strength LSG; and (4) TripleFlex Double Strength (collectively, "TripleFlex" or "the Products").

CLASS ACTION COMPLAINT
1

1  products is to obtain the advertised joint health benefits, which TripleFlex does not
2  provide.

3       3.     Defendant's marketing and advertising campaign is designed to cause
4  consumers to buy TripleFlex. Defendant's deceptive marketing and advertising
5  campaign has succeeded. Estimated sales of joint dietary supplements including
6  TripleFlex, approached $820 million in 2006.[2]

7       4.     Plaintiff brings this action on behalf of herself and other similarly
8  situated consumers in the United States to halt the dissemination of this false and
9  misleading advertising message, correct the false and misleading perception it has
10 created in the minds of consumers, and obtain redress for those who have purchased
11 TripleFlex products.  Plaintiff alleges violations of the Consumers Legal Remedies
12 Act, the Unfair Competition Law, and Breach of Express Warranty created by
13 Defendant's advertising, including false labeling.

14 **JURISDICTION AND VENUE**

15      5.     This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2).
16 The matter in controversy, exclusive of interest and costs, exceeds the sum or value of
17 $5,000,000 and is a class action in which there are in excess of 100 class members
18 and the members of the Class are citizens of a state different from Defendant.

19      6.     Venue is proper in this Court pursuant to 28 U.S.C. §1391 in that many
20 of the acts and transactions giving rise to the alleged claims occurred in this district
21 and because Defendant:

22      •    is headquartered in this district;
23      •    is authorized to conduct business in this district and has
24 intentionally availed itself of the laws and markets within this district through the
25 promotion, marketing, distribution, and sale of its Products in this district; and

26
27 [2] 2007 Nutrition Industry Overview, Nutrition Business J., *available at*
   http://newhope360.com/managing-your-business/2007-nutrition-industry-overview
28 (last visited Oct. 3, 2011).

CLASS ACTION COMPLAINT
2

• does substantial business in this district.

## PARTIES

7. Plaintiff Lorean Barrera resides in El Centro, California. Within the last year, Plaintiff Barrera was exposed to and saw Defendant's representations by reading the front, back and sides of the TripleFlex Triple Strength label at a third-party retailer in El Centro, California. Plaintiff Barrera purchased the TripleFlex Triple Strength product to relieve her joint pain and in so doing relied on every single one of Defendant's renewal and rejuvenation representations. The TripleFlex Triple Strength product Plaintiff purchased and took as directed did not help improve joint "comfort, mobility, or flexibility" as represented. As a result, Plaintiff suffered injury in fact and lost money. She would not have purchased the product had she known it did not provide the advertised joint health benefits.

8. Defendant Pharmavite, LLC, is a limited liability company organized and existing under the laws of the State of California. Defendant's headquarters is at 8510 Balboa Boulevard, Mission Hills, California 91325. From its headquarters in Mission Hills, California, Defendant manufactures, distributes, markets and sells the TripleFlex products to consumers nationwide.

## FACTUAL ALLEGATIONS

*The TripleFlex Products*

9. Defendant is the global leader in the dietary supplement industry. It manufactures, distributes, markets and sells the Nature Made® line of dietary supplements. This lawsuit concerns four of those products: (1) TripleFlex Triple Strength; (2) TripleFlex 50+; (3) TripleFlex Triple Strength LSG; and (4) TripleFlex Double Strength. Defendant began manufacturing, marketing and selling the TripleFlex products nationwide in 2003.

10. The TripleFlex products are sold in virtually every major food, drug, and mass retail outlet in the country, including, but not limited to: Costco, Walgreens,

1  Sav-on and Target. The Products are available in 60, 120, and 150 count bottles,
2  retailing for approximately $15-$40. The following are screen shots of the Products:

   

11.   Since the Products' launch, Defendant has consistently conveyed the message to consumers throughout the United States that TripleFlex, with its "Triple-Ingredient" formula will provide "Triple-Action" and "Triple-Benefit[s]" simply by taking the recommended number of tablets each day. According to Defendant, TripleFlex improves joint "comfort, mobility and flexibility" by replenishing the body with critical nutrients needed for daily maintenance and renewal of the joints. Defendant's renewal and rejuvenation representations are false, misleading and deceptive.

12.   Defendant represents that the claimed health benefits are achieved through the combination of ingredients in the Products. The primary active ingredients in all the TripleFlex products are glucosamine hydrochloride and chondroitin sulfate. Glucosamine is an amino sugar that the body produces and distributes in cartilage and other connective tissue. On its packaging and labeling, Defendant defines glucosamine and elaborates on its benefits:

> **Glucosamine:** Basic building block for maintaining joint cartilage and helps to maintain structural integrity of your joints. Beneficial for joint elasticity and flexibility. Helps promote mobility and support.

There is no competent and reliable scientific evidence that taking glucosamine—let alone through oral administration—results in the body metabolizing it into something that helps to maintain joint cartilage, promote mobility and support, or maintains structural integrity of the joints. In fact, clinical cause and effect studies have found no causative link between glucosamine hydrochloride supplementation and joint renewal or rejuvenation.

13. Chondroitin sulfate is a complex carbohydrate found in the body's connective tissues. On its packaging and labeling, Defendant defines chondroitin as follows:

> **Chondroitin:** A naturally occurring nutrient found in the connective tissues, which lubricates and cushions your joints.

There is no competent and reliable scientific evidence that taking chondroitin—let alone through oral administration—results in the body metabolizing it into something that assists in lubricating and cushioning joints. Clinical cause and effect studies have found no causative link between chondroitin supplementation and joint renewal or rejuvenation.

14. The TripleFlex products also contain lesser quantifies of other ingredients. TripleFlex Double Strength and also contains methylsulfonylmethane ("MSM"), an organic sulfur compound found in fruits, corn, tomatoes, tea, coffee, and milk. Defendant defines MSM on its Products' packaging and labeling as follows: "**MSM:** A source of dietary sulfur that enriches the mobility of your joints" (emphasis in original. Clinical cause and effect studies have found no causative link between MSM and joint renewal or rejuvenation.

15. Hyaluronic acid, a component of synovial fluid found in the fluids of the eyes and joints is also found in Defendant's TripleFlex Triple Strength and TripleFlex Triple Strength LSG products. Defendant claims on its Product labeling and packaging that studies show hyaluronic acid "provides lubrication to the joints." There is no competent scientific evidence that taking any of these ingredients—let alone

CLASS ACTION COMPLAINT
5

1  through oral administration—results in the body metabolizing it into something that lubricates joints. Clinical cause and effect studies have found no causative link between hyaluronic acid supplementation and joint renewal or rejuvenation.

16. TripleFlex Triple Strength and TripleFlex Triple Strength LSG also contain white willow bark. According to the Products' labeling and packaging, white willow bark "helps relieve joint discomfort in as little as 7 days." Clinical cause and effect studies have found no causative link between white willow bark and joint renewal or rejuvenation.

17. TripleFlex 50+, which Defendant represents is specially formulated for adults over 50 years of age, contains calcium and vitamin D. The Product labeling and packaging defines calcium and vitamin D as follows:

> **Calcium + Vitamin D:** this nutrient is essential for building and maintaining strong bones and teeth, but it is also important in many enzymatic reactions in the body. Vitamin D has [been] shown to strengthen muscle.

There is no competent scientific evidence that taking any of these ingredients—let alone through oral administration—results in the body metabolizing it into something that helps improve joint mobility, flexibility or comfort. Clinical cause and effect studies have found no causative link between vitamin D supplementation and joint renewal or rejuvenation.

18. Even though several clinical cause and effect studies have found no causative link between any of the primary active ingredients in the TripleFlex products alone, or in combination, and without any scientifically valid confirmation that TripleFlex is an effective joint treatmentt—let alone an effective treatment for *all* joints in the human body, for adults of *all* ages and for *all* stages of joint disease—Defendant prominently claims on the Products' packaging and labeling that TripleFlex, with its "Triple-Ingredient" formula, will reduce joint discomfort, increase mobility and flexibility, and replenish critical nutrients for joint maintenance and

renewal. Front, back and side shots of a representative TripleFlex Triple Strength product label appear as follows:

FRONT                                                            LEFT SIDE

 

CLASS ACTION COMPLAINT
7



BACK RIGHT SIDE



19. Defendant did not and does not have competent and reliable scientific evidence that any of the ingredients in its TripleFlex products taken alone or in combination are effective at helping provide joint renewal or rejuvenation. Numerous clinical studies have resulted in a finding of no efficacy for the ingredients in the TripleFlex products and the prevention of joint degeneration or relief from joint discomfort. Defendant's renewal and rejuvenation representations are false and misleading and reasonably likely to deceive the average consumer.

***The Impact of Defendant's Wrongful Conduct.***

20. Despite the lack of competent scientific evidence and the presence of several clinical studies that have found no causative like between the ingredients in the TripleFlex products and joint renewal or rejuvenation, Defendant continues to

1   unequivocally claim that its TripleFlex products are an effective treatment for
2   improving joint pain, comfort and mobility in all adults.

3       21.   As the manufacturer and distributor of the TripleFlex products,
4   Defendant possesses specialized knowledge regarding the content and effects of the
5   ingredients contained in its TripleFlex products and is in a superior position to learn
6   of the effects—and has learned of the effects—its Products have on consumers.

7       22.   Specifically, Defendant affirmatively misrepresented that the TripleFlex
8   products, with their "Triple-Ingredient" formula, improve joint "comfort, mobility
9   and flexibility." Having made these affirmative misrepresentations, Defendant failed
10  to disclose that well-conducted, clinical cause-and-effect studies have found no
11  causative relationship between the product ingredients and the prevention of joint
12  degeneration or relief from joint discomfort and Defendant has no competent and
13  reliable scientific evidence that its TripleFlex products are effective in helping
14  provide joint renewal or rejuvenation as represented.

15      23.   Notwithstanding these deceptive representations and material
16  omissions, Defendant conveyed and continues to convey one uniform message:
17  TripleFlex, with its unique "Triple-Ingredient" formula, improves joint "comfort
18  mobility and flexibility" for all joints in the human body, for adults of all ages and for
19  all stages of joint disease.

20      24.   Plaintiff and Class members have been and will continue to be deceived
21  or misled by Defendant's deceptive joint renewal and rejuvenation representations.
22  Plaintiff purchased and consumed the Product during the Class period and in doing
23  so, read and considered the Product label and based her decision to buy the Product
24  on the joint renewal and rejuvenation representations. Defendant's deceptive
25  representations and omissions were a material factor in influencing Plaintiff's
26  decision to purchase and consume the Product. Plaintiff would not have purchased the
27  Product had she known that Defendant's representations were false and misleading,
28  that Defendant did not possess competent and reliable scientific evidence to support

CLASS ACTION COMPLAINT
9

its joint renewal and rejuvenation representations, and that clinical cause-and-effect studies have found no causative link between the ingredients in TripleFlex and joint renewal or rejuvenation.

25. As a result, Plaintiff and the Class members have been damaged in their purchases of these Products and have been deceived into purchasing Products that they believed, based on Defendant's representations, were proven to be effective in improving joint "comfort, mobility, and flexibility" when, in fact, they are not.

26. Defendant, by contrast, reaped enormous profits from its false marketing and sale of these Products.

## CLASS DEFINITION AND ALLEGATIONS

27. Plaintiff brings this action on behalf of herself and all others similarly situated pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure and seeks certification of the following Class:

> All persons who, within the applicable statute of limitations, purchased TripleFlex products[3] in the United States.
>
> Excluded from the Class are Defendant, its parents, subsidiaries, affiliates, officers and directors, and those who purchased TripleFlex for the purpose of resale.

28. Members of the Class are so numerous and geographically dispersed that joinder of all Class members is impracticable. Plaintiff is informed and believes, and on that basis alleges, that the proposed Class contains many thousands of members. The precise number of class members is unknown to Plaintiff.

29. Common questions of law and fact exist as to all members of the Class and predominate over questions affecting only individual Class members. The common legal and factual questions include, but are not limited to, the following:

- Whether the claims discussed herein that Defendant made about

---

[3] The "TripleFlex products" include: TripleFlex Triple Strength; TripleFlex 50+; TripleFlex Triple Strength LSG; and TripleFlex Double Strength.

CLASS ACTION COMPLAINT
10

its Products were or are misleading, or reasonably likely to deceive;

- Whether Defendant's alleged conduct violates public policy;
- Whether the alleged conduct constitutes violations of the laws asserted herein;
- Whether Defendant engaged in false and misleading advertising;
- Whether Plaintiff and Class members have sustained monetary loss and the proper measure of that loss;
- Whether Plaintiff and Class members are entitled to restitution, disgorgement of Defendant's profits, declaratory and/or injunctive relief; and
- Whether Plaintiff and Class members are entitled to an award of punitive and/or compensatory damages.

30. Plaintiff's claims are typical of the claims of the members of the Class because, *inter alia*, all Class members were injured through the uniform misconduct described above, were subject to Defendant's deceptive joint renewal and rejuvenation representations accompanying each and every box of the TripleFlex products which include the same primary active ingredients – glucosamine hydrochloride and chondroitin sulfate – and several other common ingredients. Plaintiff is advancing the same claims and legal theories on behalf of herself and all members of the Class.

31. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff has retained counsel competent and experienced in both consumer protection and class litigation, and Plaintiff intends to prosecute this action vigorously. Plaintiff has no adverse or antagonistic interests to those of the Class.

32. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for proposed Class members to prosecute their claims individually. It would thus be virtually impossible for the

| | |
|---|---|
| 1 | Class, on an individual basis, to obtain effective redress for the wrongs done to them. |
| 2 | Furthermore, even if Class members could afford such individualized litigation, the |
| 3 | court system could not.  Individualized litigation would create the danger of |
| 4 | inconsistent or contradictory judgments arising from the same set of facts. |
| 5 | Individualized litigation would also increase the delay and expense to all parties and |
| 6 | the court system from the issues raised by this action.  By contrast, the class action |
| 7 | device provides the benefits of adjudication of these issues in a single proceeding, |
| 8 | economies of scale, and comprehensive supervision by a single court, and presents no |
| 9 | unusual management difficulties under the circumstances here. |
| 10 | 33.    In the alternative, the Class also may be certified because Defendant has |
| 11 | acted or refused to act on grounds generally applicable to the Class thereby making |
| 12 | appropriate final declaratory and/or injunctive relief with respect to the members of |
| 13 | the Class as a whole. |
| 14 | 34.    Plaintiff seeks preliminary and permanent injunctive and equitable relief |
| 15 | on behalf of the entire Class, on grounds generally applicable to the entire Class, to |
| 16 | enjoin and prevent Defendant from engaging in the acts described herein, and |
| 17 | requiring Defendant to provide full restitution to Plaintiff and Class members. |
| 18 | 35.    Unless a Class is certified, Defendant will retain monies received as a |
| 19 | result of its conduct that were taken from Plaintiff and Class members.  Unless a |
| 20 | Class-wide injunction is issued, Defendant will continue to commit the violations |
| 21 | alleged, and the members of the Class and the general public will continue to be |
| 22 | misled. |

### COUNT I

### Violation of Business & Professions Code §17200, *et seq.*

36.    Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

37.    Plaintiff Lorean Barrera brings this claim individually and on behalf of the Class.

38.     As alleged herein, Plaintiff has suffered injury in fact and lost money or property as a result of Defendant's conduct because she purchased TripleFlex in reliance on Defendant's' joint renewal and rejuvenation representations detailed above, but did not receive a product that supports joint renewal or rejuvenation.

39.     The Unfair Competition Law, Business & Professions Code §17200, *et seq.* ("UCL"), prohibits any "unlawful," "fraudulent" or "unfair" business act or practice and any false or misleading advertising.  In the course of conducting business, Defendant committed unlawful business practices by, *inter alia*, making the representations (which also constitutes advertising within the meaning of §17200) and omissions of material facts, as set forth more fully herein, and violating Civil Code §§1572, 1573, 1709, 1711, 1770 and Business & Professions Code §§17200, *et seq.*, 17500, *et seq.*, and the common law.

40.     Plaintiff and the Class reserve the right to allege other violations of law, which constitute other unlawful business acts or practices.  Such conduct is ongoing and continues to this date.

41.     Defendant's actions also constitute "unfair" business acts or practices because, as alleged above, *inter alia*, Defendant engaged in false advertising, misrepresented and omitted material facts regarding its TripleFlex product labels and packaging, and thereby offended an established public policy, and engaged in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.

42.     As stated in this Complaint, Plaintiff alleges violations of consumer protection, unfair competition and truth in advertising laws, resulting in harm to consumers.  Defendant's acts and omissions also violate and offend the public policy against engaging in false and misleading advertising, unfair competition and deceptive conduct towards consumers.  This conduct constitutes violations of the unfair prong of Business & Professions Code §17200, *et seq.*

43.     There were reasonably available alternatives to further Defendant's

legitimate business interests, other than the conduct described herein.

44. Business & Professions Code §17200, *et seq.*, also prohibits any "fraudulent business act or practice."

45. Defendant's actions, claims, nondisclosures and misleading statements, as more fully set forth above, were also false, misleading and/or likely to deceive the consuming public within the meaning of Business & Professions Code §17200, *et seq*.

46. Plaintiff and other members of the Class have in fact been deceived as a result of their reliance on Defendant's material representations and omissions, which are described above. This reliance has caused harm to Plaintiff and other members of the Class who each purchased Defendant's TripleFlex products. Plaintiff and the other Class members have suffered injury in fact and lost money as a result of these unlawful, unfair, and fraudulent practices.

47. As a result of its deception, Defendant has been able to reap unjust revenue and profit.

48. Unless restrained and enjoined, Defendant will continue to engage in the above-described conduct. Accordingly, injunctive relief is appropriate.

49. Plaintiff, on behalf of herself and all others similarly situated, and the general public, seeks restitution and disgorgement of all money obtained from Plaintiff and the members of the Class collected as a result of unfair competition, an injunction prohibiting Defendant from continuing such practices, corrective advertising and all other relief this Court deems appropriate, consistent with Business & Professions Code §17203.

### COUNT II

**Violations of the Consumers Legal Remedies Act – Civil Code §1750 *et seq.***

50. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

51. Plaintiff Lorean Barrera brings this claim individually and on behalf of

the Class.

52. This cause of action is brought pursuant to the Consumers Legal Remedies Act, California Civil Code §1750, *et seq.* (the "Act"). Plaintiff is a consumer as defined by California Civil Code §1761(d). TripleFlex is a "good" within the meaning of the Act.

53. Defendant violated and continues to violate the Act by engaging in the following practices proscribed by California Civil Code §1770(a) in transactions with Plaintiff and the Class which were intended to result in, and did result in, the sale of the TripleFlex products:

> (5) Representing that [TripleFlex has] . . . approval, characteristics, . . . uses [and] benefits . . . which [it does] not have . . . .
>
> \* \* \*
>
> (7) Representing that [TripleFlex is] of a particular standard, quality or grade . . . if [it is] of another.
>
> \* \* \*
>
> (9) Advertising goods . . . with intent not to sell them as advertised.
>
> \* \* \*
>
> (16) Representing that [TripleFlex has] been supplied in accordance with a previous representation when [it has] not.

54. Defendant violated the Act by representing and failing to disclose material facts on the TripleFlex product labels and packaging, as described above, when it knew, or should have known, that the representations were unsubstantiated, were contrary to several clinical cause and effect studies finding the ingredients in all TripleFlex products to be inefficacious, were false and misleading and that the omissions were of material facts they were obligated to disclose.

55. Pursuant to §1782(d) of the Act, Plaintiff and the Class seek a court order enjoining the above-described wrongful acts and practices of Defendant and for restitution and disgorgement.

56. Pursuant to §1782 of the Act, by letter dated May 3, 2011, Plaintiff notified Defendant in writing by certified mail of the particular violations of §1770 of the Act and demanded that Defendant rectify the problems associated with the actions detailed above and give notice to all affected consumers of Defendant's intent to so act.

57. Defendant failed to rectify or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days of the date of written notice pursuant to §1782 of the Act. Therefore, Plaintiff further seeks claims for actual, punitive and statutory damages, as appropriate.

58. Defendant's conduct is malicious, fraudulent and wanton.

## COUNT III

## Breach of Express Warranty

59. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

60. Plaintiff Lorean Barrera brings this claim individually and on behalf of the Class.

61. Defendant expressly warranted on each and every box of TripleFlex that the Products "improve joint comfort, mobility, and flexibility" by "replenishing the body with key nutrients needed for daily maintenance and renewal of your joints." These joint renewal and rejuvenation statements made by Defendant are affirmations of fact that became part of the basis of the bargain and created an express warranty that the goods would conform to the stated promises. Plaintiff read and placed importance on Defendant's joint renewal and rejuvenation representations.

62. All conditions precedent to Defendant's liability under this contract have been performed by Plaintiff and the Class.

63. Defendant breached the terms of this contract, including the express warranties, with Plaintiff and the Class by not providing a Product that would support joint renewal and rejuvenation as represented.

64. As a result of Defendant's breach of its contract, Plaintiff and the Class have been damaged in the amount of the price of the Products they purchased.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for a judgment:

A. Certifying the class as requested herein;

B. Awarding Plaintiff and the proposed Class members damages;

C. Awarding restitution and disgorgement of Defendant's revenues to Plaintiff and the proposed Class members;

D. Awarding declaratory and injunctive relief as permitted by law or equity, including enjoining Defendant from continuing the unlawful practices as set forth herein, and directing Defendant to identify, with court supervision, victims of its conduct and pay them restitution and disgorgement of all monies acquired by Defendant by means of any act or practice declared by this Court to be wrongful;

E. Awarding statutory and punitive damages, as appropriate;

F. Ordering Defendant to engage in a corrective advertising campaign;

G. Awarding attorneys' fees and costs; and

H. Providing such further relief as may be just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

DATED: October 11, 2011

                                      BONNETT, FAIRBOURN, FRIEDMAN
                                      & BALINT, P.C.
                                      ELAINE A. RYAN (*To be admitted Pro Hac Vice*)

17

PATRICIA N. SYVERSON (203111)

  s/ Patricia N. Syverson
Patricia N. Syverson

2901 N. Central Avenue, Suite 1000
Phoenix, Arizona 85012
Telephone: (602) 274-1100
Facsimile: (602) 798-5825
afriedman@bffb.com
eryan@bffb.com
psyverson@bffb.com

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
TODD D. CARPENTER (234464)
600 West Broadway Suite 900
San Diego, California 92101
Telephone: (619) 756-6978
Facsimile: (602) 274-1199
tcarpenter@bffb.com

FUTTERMAN HOWARD ASHLEY
& WELTMAN, P.C.
STEWART WELTMAN (*Admitted Pro Hac Vice*)
122 S. Michigan Avenue, Suite 1850
Chicago, Illinois 60603
Telephone: 312-427-3600
Fax: 312-427-1850
SWELTMAN@FUTTERMANHOWARD.COM

Attorneys for Plaintiff

CLASS ACTION COMPLAINT
18

# CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail notice list, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice list.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 11, 2011.

By: s/ Patricia N. Syverson
Patricia N. Syverson

BONNETT FAIRBOURN FRIEDMAN
 & BALINT, PC
2901 North Central Avenue, Suite 1000
Phoenix, Arizona 85012
602-274-1100
602-274-1199 facsimile
Email: psyverson@bffb.com