René P. Tatro, State Bar No. 78383
E-Mail: renetatro@ttsmlaw.com
Juliet A. Markowitz, State Bar No. 164038
E-Mail: jmarkowitz@ttsmlaw.com
TATRO TEKOSKY SADWICK LLP
333 S. Grand Avenue, Suite 4270
Los Angeles, CA 90071
Telephone:  (213) 225-7171
Facsimile:   (213) 225-7151

Joseph M. Price *(admitted pro hac vice)*
E-Mail: Joseph.Price@FaegreBD.com
Bridget M. Ahmann *(Admitted Pro Hac Vice)*
E-Mail: Bridget.Ahmann@FaegreBD.com
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402-3901
Telephone:  (612) 766 7000
Facsimile:   (612) 766 1886
Attorneys for Defendant Pharmavite LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOREAN BARRERA, On Behalf of Herself and All Others Similarly Situated and the General Public,<br><br>Plaintiff,<br><br>vs.<br><br>PHARMAVITE, LLC, a California limited liability company,<br><br>Defendant. | Case No.: 2:11-CV-04153-CAS (AGRx)<br><br>CLASS ACTION<br><br>**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF PHARMAVITE LLC'S MOTION TO COMPEL DISCOVERY**<br><br>**LOCAL RULE 37-2.3**<br><br>Date:         November 6, 2012<br>Time:         10:00 a.m.<br>Courtroom:  B – 8th Floor<br><br>Discovery Cutoff Date:    None Set<br>Pretrial Conference Date:  None Set<br>Trial Date:  None Set |

# INTRODUCTION

While Plaintiff asserts that her claim is about "false advertising, nothing more" and thus her medical information is not relevant to this litigation (Joint Stip. at 3), the allegations of her complaint belie this argument. Plaintiff specifically alleges that she "purchased the TripleFlex Triple Strength product *to relieve her joint pain*." Second Amended Complaint at ¶ 7 (emphasis added). She further alleges that she took the TripleFlex Triple Strength "as directed," but it "did not help improve [her] joint 'comfort, mobility, or flexibility.'" *Id.* **These allegations necessarily implicate her medical condition – more specifically, her joint problems**. In making these allegations, Plaintiff unquestionably has placed her medical condition into issue. Pharmavite, accordingly, served *narrow* requests directed specifically to the condition at issue, nothing more. Pharmavite is not seeking information or documents about Plaintiff's health in general, but rather has requested only information and documents about the focused issue of Plaintiff's joint health, *i.e.*, the reason she purchased Pharmavite's TripleFlex Triple Strength in the first place. Pharmavite must be permitted to explore and test the validity of Plaintiff's allegation that she experienced joint pain, as well as her allegation that such pain was not relieved by her use of Pharmavite's product. By making these allegations without permitting access to her relevant medical records – or even to information about her joint health from sources other than medical records – Plaintiff is arguing that Pharmavite and the Court should blindly trust that what she is saying is a true and complete picture of her circumstances, without exploring any evidence relevant to those circumstances.[1] It is inappropriate, however, to require a defendant or Court to

---

[1] For example, Interrogatory no.8 asked Plaintiff to identify "all health concerns Plaintiff intended the TripleFlex Products to address, including the specific location on Plaintiff's body of any concern, the length of time of the concern, and whether or not Plaintiff has ever sought any medical treatment related to the health concern." Plaintiff implicitly acknowledges that this information is relevant by responding that she purchased the product to "relieve joint pain in her right knee and

simply accept claims in a complaint as true.  "[A]n important purpose of discovery is to reveal what evidence the opposing party has, thereby helping determine which facts are disputed . . . and which facts must be resolved at trial." *Computer Task Group, Inc. v. Brotby*, 361 F.3d 1112, 1117 (9th Cir. 2004).  Pharmavite has an absolute right to discover information relevant to Plaintiff's claims and its defenses.

## ARGUMENT

Plaintiff admits that she needs to establish a number of elements to prove her claims, including reliance.  Joint Stip. at 15.  It is not enough for Plaintiff to simply allege that she "satisfies this requirement because she relied on the representations." *Id*.  Although reliance can be presumed under certain circumstances, that presumption is rebuttable, and Pharmavite has a right to conduct discovery relevant to the issue of Plaintiff's claimed reliance on the statements on Pharmavite's label.  *See Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 326, 120 Cal. Rptr. 3d 741 (2011).  Any number of factors could have shaped and influenced Plaintiff's decision to purchase TripleFlex Triple Strength, including her joint discomfort, her experience with other supplements or medications, information from health care providers and others, etc., all of which could arguably demonstrate that reliance was not uniform across the proposed class.  *See, e.g. Campion v. Old Republic Home Protection*, 272 F.R.D. 517,

---

her wrists," but apparently believes that this is *all* that Pharmavite is entitled to know, and refused to let Pharmavite know the length of time that Plaintiff experienced joint pain in her right knee or her wrists, or whether Plaintiff ever sought any medical treatment for such pain.  ***There is no justification for Plaintiffs' chosen limitation on the health-condition information she provided to Pharmavite.***  Similarly, Plaintiff refused to provide any substantive response at all to Interrogatory no. 14, which narrowly asked for information about health care providers with whom Plaintiff consulted about her musculoskeletal system, objecting that the inquiry is overbroad because it asks about *all* health care provides with whom Plaintiff consulted about her musculoskeletal system, even though Pharmavite did not ask about *all* health care provides with whom she has consulted about *any* ailment, illness or condition she ever experienced, just the condition she put into issue in this action.  The Court should not permit Plaintiff to prevent any examination into claims she herself alleges in this action.

537 (S.D. Cal. 2011); *Davis-Miller v. Automobile Club*, 201 Cal. App. 4th 106, 122-23, 134 Cal. Rptr.3d 551, 563 (2011) ("if the issue of materiality or reliance is a matter that would vary from consumer to consumer, the issue is not subject to common proof, and the action is not properly not certified as a class action.") Furthermore, a presumption as to reliance is only demonstrated to be "sufficient to allege causation" and get past the pleading stage. *Kwikset*, 120 Cal. Rptr. 3d at 757. Discovery, however, must look beyond the pleading stage to allow parties to discover evidence that is relevant or reasonably calculated to lead to the discovery of evidence admissible at trial on the merits of the case. Here, narrow discovery of Plaintiff's medical information with respect to her musculoskeletal system and alleged joint discomfort unquestionably is relevant to (not to mention reasonably calculated to lead to the discovery of admissible evidence concerning) whether Plaintiff relied on the product's label, whether she received any benefit from the product, or whether she even could have expected to receive any benefit from the product.

While Plaintiff argues that California courts have limited the application of the patient-litigant exception to instances where a party has brought personal injury claims, the cases cited by Plaintiff, *i.e., Johnson v. General Mills, Inc.,* Case No. 10-61-CJC (C.D. Cal.) (order dated Nov. 9, 2010), and *Johns v. Bayer Corporation*, Case No. 09-cv-1935-AJB (POR) (S.D. Cal.) (order dated Aug. 5, 2011), do not support this absolute position. Moreover, neither of these cases is instructive here. Neither court offered an opinion as to its reasoning or rationale. It therefore is impossible to speculate whether the courts were rejecting the applicability of medical information to cases which are not raising personal injury claims, as Plaintiff suggests, or whether they based their decisions on other arguments made – for example, that the discovery was compound, that it was overbroad, or that it would not reveal facts that could not have been found without that evidence. *See Bayer* – Joint Conference Statement regarding Bayer's Motion to Compel Further Discovery Responses; *General Mills* – Joint Stipulation on Motion of Defendant General Mills,

Inc. and Yoplait USA Inc. to Compel Plaintiff to Answer Interrogatory No. 6 and Request for Production No. 4.

Plaintiff also relies on the finding in *Slagle v. Superior Court*, 211 Cal.App.3d 1309, 1313 (1989), a case involving an automobile accident, that where "[p]etitioner made clear . . . he was not seeking to recover for any injury to his eyes," the patient-litigant exception was not applicable. *Id.* Plaintiff overlooks, however, that the eye-related discovery in that case – unlike the joint-related discovery at issue here – was denied because the claims actually asserted in that lawsuit had nothing to do with the petitioner's eyes. *Id.* at 1311-1313. Pharmavite is not seeking discovery of irrelevant medical information as was the case in *Slagle.* Nor is Pharmavite seeking unrestrained and unlimited discovery as referred to in *Britt v. Superior Court*, 20 Cal.3d 844, 862-64 (1978), on which *Slagle* relied. *See Slagle*, 211 Cal.App.3d at 1313; *Britt*, 20 Cal.3d at 862-64 (attempting to compel plaintiffs' "entire lifetime medical histories"). Pharmavite is requesting narrow, targeted information about Plaintiff related to her joint health and musculoskeletal system, on which Plaintiff's claims fundamentally are based.

Plaintiff also argues, in the alternative, that her medical information is protected by a constitutional right to privacy. Plaintiff's reliance on *John B. v. Superior Court of Los Angeles County*, 38 Cal.4th 1117 (2006), however, is misplaced. Plaintiff overlooks that the Court qualified the right to privacy, finding that it "is not absolute. In appropriate circumstances, this right must be balanced against other important interests." *Id.* at 1199. These other important interests specifically include the "'important state interest of facilitating the ascertainment of truth in connection with legal proceedings.'" *Id.* (*quoting In re Lifschutz*, 2 Cal.3d 415, 432 (1970)). As the Court explained, where a party places his or her medical condition into issue, "privacy interests may have to give way to [the] opponent's right to a fair trial. Thus courts must balance the right of civil litigants to discover relevant facts against the privacy interests of persons subject to discovery." *Id*., *citing Vinson*

*v. Superior Court*, 43 Cal.3d 833, 842 (1987). Indeed, the Court in *John B.* allowed the discovery sought (regarding extremely more invasive discovery of an HIV patient's sexual history and activity), limiting it only with regard to the specific time period. *Id.* at 169. The discovery sought here by Pharmavite is not overly broad or invasive in light of the claims raised by Plaintiff and Pharmavite's anticipated defenses, and is therefore appropriate.

Finally, it is important to note that this case is only in the relatively early discovery stage. Plaintiff attempts to paint a complex picture of class certification in anticipation of Pharmavite's goals in discovering her medical information. It is clear that parties disagree about the elements of proof in certifying a national class. However, at this stage in the litigation, parties are only seeking discovery, and it is well accepted that there is a lower threshold for what is discoverable than what is admissible or what is relevant at trial. Federal Rule of Civil Procedure 26(b)(1) permits broad access to discovery of "any matter relevant to the subject matter involved in the action."

## CONCLUSION

It would be unfair and unjust to take Plaintiff's allegations regarding her joint health as true without further substantiation. Plaintiff has not advanced any reason why typical protective measures that could be taken by the parties and the Court would be inadequate in balancing her personal interest in privacy against the fundamental public interest in preserving an efficient and effective litigation process. Plaintiff has placed her medical condition into issue in this case, and Pharmavite therefore has a right to focused discovery relevant to that condition to assess her claims and support its defenses.

Dated: October 23, 2012

| TATRO TEKOSKY SADWICK LLP | FAEGRE BAKER DANIELS LLP |
|---|---|
| By: ___*Juliet A. Markowitz*___<br>Juliet A. Markowitz, Esq.<br>Attorneys for Pharmavite LLC | By: ___*Bridget M. Ahmann*___<br>Bridget M. Ahmann, Esq.<br>Attorneys for Pharmavite LLC |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of October, 2012, I electronically filed

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF PHARMAVITE LLC'S MOTION TO COMPEL DISCOVERY**

with the Clerk of the court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Patricia N. Syverson, Esq.
Bonnett, Fairbourn, Friedman & Balint, P.C.
2325 E. Camelback Road, Ste 300
Phoenix, AZ 85016
psyverson@bffb.com

TODD D. CARPENTER
BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
600 West Broadway, Suite 900
San Diego, CA 92101
tcarpenter@bffb.com

/s/ *Karen L. Roberts*
Karen L. Roberts