UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOREAN BARRERA, On Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PHARMAVITE, LLC, a California limited liability company<br><br>Defendant. | CASE NO. 2:11-cv-04153-CAS (AGrx)<br><br>CLASS ACTION<br><br>[PROPOSED] PRELIMINARY APPROVAL ORDER |

Plaintiff Lorean Barrera and Defendant Pharmavite LLC (collectively, the "Parties") have entered into a Settlement Agreement and General Release ("Settlement Agreement")[1] to settle this Litigation and the Named Plaintiff has filed an Unopposed Motion for Entry of Preliminary Approval of Settlement, an Amendment to Plaintiff's Unopposed Motion for Entry of Preliminary Approval of Settlement, a Memorandum in Support of Unopposed Motion for Preliminary Approval of Settlement and a Supplemental Memorandum in Support of Unopposed Motion for Preliminary Approval of Settlement (collectively, "Motion

---

[1] All references in the moving papers and related exhibits to "Settlement Agreement" refer to Exhibit 2 to the Supplemental Declaration of Patricia N. Syverson, which defines Settlement Agreement to mean Amended Settlement Agreement and Release.

for Preliminary Approval"). The Settlement Agreement, the exhibits thereto, and the exhibits to the Motion for Preliminary Approval, set forth the terms and conditions for a proposed settlement and dismissal with prejudice of this Litigation.

Having reviewed the Settlement Agreement and its exhibits, the Motion for Preliminary Approval, the pleadings and other papers on file in this action, and statements of counsel, the Court finds that the Motion for Preliminary Approval should be GRANTED and that this Preliminary Approval Order should be entered. Terms and phrases used in this Preliminary Approval Order shall have the same meaning ascribed to them in the Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court preliminarily approves the Settlement Agreement subject to the Fairness Hearing for purposes of deciding whether to grant final approval to the Settlement.

2. <u>For settlement purposes only</u>, the Court conditionally certifies the following Settlement Class:

> All residents of the United States who purchased for personal use, and not resale or distribution, a Covered Product between May 1, 2007 and the Preliminary Approval Date.
>
> Specifically excluded from the Settlement Class are the following persons:
>
> (i) Pharmavite and its respective affiliates, employees, officers, directors, agents, and representatives, and their immediate family members;
>
> (ii) Settlement Class Counsel and partners, attorneys, and employees of their law firms; and
>
> (iii) The judges who have presided over the Litigation or mediated the Settlement, and their immediate family members.

3. <u>For settlement purposes only</u>, the Court appoints the following attorneys to act as Lead Settlement Class Counsel:

| Elaine A. Ryan | Stewart M. Weltman |
| BONNETT, FAIRBOURN, | SIPRUT, PC |
| FRIEDMAN & BALINT, P.C. | 17 North State Street, Suite 1600 |

|   |   |
|---|---|
| 2325 East Camelback Road, Suite 300<br>Phoenix, Arizona 85016<br>Telephone: (602) 274-1100 | Chicago, Illinois 60602<br>Telephone: (312) 236-0000 |

4. For settlement purposes only, the Court appoints the following attorneys as Settlement Class Counsel:

| | |
|---|---|
| Elaine A. Ryan<br>BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.<br>2325 East Camelback Road, Suite 300<br>Phoenix, Arizona 85016<br>Telephone: (602) 274-1100 | Stewart M. Weltman<br>SIPRUT, PC<br>17 N. State Street<br>Suite 1600<br>Chicago, Illinois 60602<br>Telephone: (312) 236-0000 |
| Max A. Stein<br>BOODELL & DOMANSKIS, LLC<br>One North Franklin, Suite 1200<br>Chicago, IL 60606<br>Telephone: (312) 938-1670 | Howard J. Sedran<br>LEVIN FISHBEIN SEDRAN & BERMAN<br>510 Walnut Street<br>Philadelphia, Pennsylvania 19106<br>hsedran@lfsblaw.com<br>Telephone: (215) 592-1500 |
| WESTERMAN LAW CORP.<br>Jeff S. Westerman (94559)<br>1875 Century Park East, Suite 2200<br>Los Angeles, CA 90067<br>Tel: (310) 698-7880 | |

5. <u>For settlement purposes only</u>, the Court appoints the Named Plaintiff as representative of the Settlement Class.

6. The Court finds that the proposed settlement is sufficiently fair, reasonable, and adequate to warrant providing notice to the Settlement Class. This determination permitting notice to the Settlement Class is not a final finding, but a determination that there is probable cause to submit the proposed Settlement

Agreement to the Settlement Class and to hold a Fairness Hearing to consider the fairness, reasonableness, and adequacy of the proposed settlement.

7. The Court schedules a Fairness Hearing on final approval of the Settlement Agreement to consider the fairness, reasonableness and adequacy of the proposed settlement and whether it should be finally approved by the Court, such Fairness Hearing to take place on December 4, 2017, at 10:00 a.m.

8. The Court appoints KCC Class Action Services as Settlement Administrator in accordance with Section III Paragraph C of the Settlement Agreement.

9. The Court approves the Class Notice, Exhibits G and H to the Settlement Agreement, and directs the Settlement Administrator to publish the Class Notice in accordance with the Settlement Class Notice Program provided for in the Declaration of Daniel Rosenthal.

10. The Court finds the Settlement Class Notice Program implemented pursuant to the Settlement Agreement (i) is the best practicable notice, (ii) is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Litigation and of their right to object to or to exclude themselves from the proposed settlement, (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice, and (iv) meets all requirements of applicable law.

11. The Court orders the Settlement Administrator to file proof of compliance with the Settlement Class Notice Program at or before the Fairness Hearing.

12. The Court approves the Claim Form, Exhibit A to the Settlement Agreement, and directs that the Claim Form be available for request (either by letter or telephone) from the Settlement Administrator and downloadable from the Settlement Website.

13. The Court orders that any Settlement Class Member who wishes to request benefits under the settlement must sign and return a complete and timely Claim Form in compliance with the process set forth in the Settlement Agreement no later than November 13, 2017. Any Settlement Class Member who does not submit a complete and timely Claim Form in compliance with the Settlement Agreement shall not be entitled to any benefits under the settlement, but, unless they opt out, nonetheless shall be barred by the Release and provisions of the Settlement Agreement and the Final Order and Judgment.

14. The Court approves the creation and maintenance of the Settlement Website that shall include, at a minimum, downloadable copies of the Class Notice, Claim Form, and Settlement Agreement, and shall be maintained in accordance with terms of the Settlement Agreement.

15. The Court orders any members of the Settlement Class who wish to exclude themselves from the Settlement Class to submit appropriate, timely requests for exclusion in accordance with the procedures outlined in the Settlement Agreement and Class Notice, postmarked no later than November 13, 2017, and sent to the Settlement Administrator at the address on the Class Notice.

16. The Court orders that any member of the Settlement Class who does not submit a timely, written request for exclusion from the Settlement Class (*i.e.*, become an Opt-Out) on or before November 13, 2017, will be bound by all proceedings, orders, and judgments in the Litigation, even if such Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release (as set forth in Section VII Paragraphs D - F of the Settlement Agreement).

17. The Court orders any Settlement Class Member who does not become an Opt-Out and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement to file with the Court and serve on Settlement Class Counsel and Pharmavite's Counsel no later than November 13, 2017, a statement

of the objection signed by the Settlement Class Member containing all of the following information:

    a.    The objector's full name, address, and telephone number;

    b.    If represented by an attorney, the attorney's full name, address, and telephone number;

    c.    A signed declaration that he or she is a member of the Settlement Class and purchased Covered Product(s);

    d.    A written statement of all grounds for the objection;

    e.    A statement of whether the objector intends to appear at the Fairness Hearing; and

    f.    If the objector intends to appear at the Fairness Hearing through counsel, the objection must also identify the attorney representing the objector who will appear at the Fairness Hearing.

18. The Court orders that any response to an objection shall be filed with the Court no later than November 27, 2017.

19. The Court orders that any Settlement Class Member who does not file a timely written objection to the settlement or who fails to otherwise comply with the requirements of Section VII Paragraph C of the Settlement Agreement shall be foreclosed from seeking any adjudication or review of the Settlement Agreement by appeal or by any other means.

20. The Court orders any attorney hired by a Settlement Class Member for the purpose of objecting to the proposed Settlement Agreement, the Attorneys' Fee Award, the Litigation Expense Reimbursement, or the Incentive Award and who intends to make an appearance at the Fairness Hearing to provide to the Settlement Administrator (who shall forward it to Settlement Class Counsel and Pharmavite's Counsel) and to file with the Clerk of the Court a notice of intention

to appear no later than November 13, 2017. Counsel who do not adhere to these requirements will not be heard at the Fairness Hearing.

21. The Court directs the Settlement Administrator to establish a post office box in the name of the Settlement Administrator to be used for receiving requests for exclusion, and any other communications, and providing that only the Settlement Administrator, Settlement Class Counsel, Pharmavite's Counsel, the Court, the Clerk of the Court and their designated agents shall have access to this post office box, except as otherwise provided in the Settlement Agreement.

22. The Court directs that Settlement Class Counsel shall file their applications for the Attorneys' Fee Award, Litigation Expense Reimbursement, and Named Plaintiff's Incentive September 22, 2017, in accordance with the terms set forth in Section VIII Paragraph R of the Settlement Agreement.

23. The Court orders the Settlement Administrator to provide the Opt-Out List to Settlement Class Counsel and Pharmavite's Counsel no later than November 20, 2017, and then file with the Court the Opt-Out List with an affidavit attesting to the completeness and accuracy thereof no later than five (5) Days thereafter or on such other date as the Parties may direct.

24. The Court preliminary enjoins all members of the Settlement Class unless and until they have timely excluded themselves from the Settlement Class from (i) filing, commencing, prosecuting, intervening in, or participating as plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; (ii) filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any member of the Settlement Class who has not timely excluded himself or herself (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending

action), based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; and (iii) attempting to effect Opt-Outs of a class of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims.  Any person or entity who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by Pharmavite and/or any other Released Person and Settlement Class Counsel as a result of the violation.  The Settlement Agreement is not intended to prevent members of the Settlement Class from participating in any action or investigation initiated by a state or federal agency.

25. The Court reserves the right to adjourn or continue the Fairness Hearing, or any further adjournment or continuance thereof, without further notice other than announcement at the Fairness Hearing or at any adjournment or continuance thereof, and to approve the Settlement with modifications, if any, consented to by the Settlement Class Counsel and Pharmavite's Counsel without further notice.

26. All pretrial proceedings in the Litigation are stayed and suspended until further order of this Court.

27. In the event that the Settlement Agreement is terminated pursuant to its terms or is not approved in all material respects by the Court, or such approval is reversed, vacated, or modified in any material respect by the Court or by any other court, the certification of the Settlement Class shall be deemed vacated, the Litigation shall proceed as if the Settlement Class had never been certified, and no reference to the Settlement Class, the Settlement Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose in the Litigation or in any other action or proceeding, except as provided in Section X, Paragraph D of the Settlement Agreement.

28. Neither the Settlement Agreement, nor any of its provisions, nor any of the documents (including but not limited to drafts of the Settlement Agreement, this Preliminary Approval Order, or the Final Order and Judgment), negotiations, or proceedings relating in any way to the Settlement, shall be construed as or deemed to be evidence of an admission or concession by any person, including Pharmavite, and shall not be offered or received in evidence, or subject to discovery, in this or any other action or proceeding except in an action brought to enforce its terms or except as may be required by law or Court order.

**Dated: June 5, 2017**

**Hon. Christina A. Snyder**
**U.S. District Judge**