JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOREAN BARRERA, On Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PHARMAVITE, LLC, a California limited liability company<br><br>Defendant. | CASE NO. 2:11-cv-04153-CAS (AGrx)<br><br>CLASS ACTION<br><br>[PROPOSED] FINAL JUDGMENT AND ORDER |

Plaintiff Lorean Barrera and Defendant Pharmavite LLC (collectively, the "Parties") have entered into a Settlement Agreement and General Release ("Settlement Agreement") to settle this Litigation, which the Court preliminarily approved on June 6, 2017 (Dkt. 423). Plaintiff Barrera has filed an Unopposed Motion for Final Approval of Settlement and a Memorandum in Support of Unopposed Motion for Final Approval of Settlement (collectively, "Motion for Final Approval"). The Settlement Agreement, the exhibits thereto, and the exhibits to the Motion for Final Approval, set forth the terms and conditions for a proposed settlement and dismissal with prejudice of this Litigation.

Having reviewed the Settlement Agreement and its exhibits, the Motion for Final Approval, the pleadings and other papers on file in this action, and statements of counsel, and having held a Fairness Hearing on the fairness, adequacy, and reasonableness of the settlement and considered all of the written submissions and oral arguments made in connection with final settlement approval, the Court finds that the Motion for Final Approval should be GRANTED and that this Final Approval Order should be entered. Terms and phrases used in this Final Approval Order shall have the same meaning ascribed to them in the Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. <u>For settlement purposes only</u>, the Court certifies the following Settlement Class:

> All residents of the United States who purchased for personal use, and not resale or distribution, a Covered Product between May 1, 2007 and June 6, 2017.
>
> Specifically excluded from the Settlement Class are the following persons:
>
> (i) Pharmavite and its respective affiliates, employees, officers, directors, agents, and representatives, and their immediate family members;
>
> (ii) Settlement Class Counsel and partners, attorneys, and employees of their law firms; and
>
> (iii) The judges who have presided over the Litigation or mediated the Settlement, and their immediate family members.

2.  <u>For settlement purposes only</u>, the Court appoints the following attorneys to act as Lead Settlement Class Counsel:

| | |
|---|---|
| Elaine A. Ryan<br>BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.<br>2325 East Camelback Road, Suite 300<br>Phoenix, Arizona 85016<br>Telephone: (602) 274-1100 | Stewart M. Weltman<br>SIPRUT, PC<br>17 North State Street, Suite 1600<br>Chicago, Illinois 60602<br>Telephone: (312) 236-0000 |

3.  <u>For settlement purposes only</u>, the Court appoints the following attorneys as Settlement Class Counsel. Settlement Class Counsel are experienced in class litigation, including litigation of similar claims in other cases, and have fairly and adequately protected the interests of the Settlement Class:

| | |
|---|---|
| Elaine A. Ryan<br>BONNETT, FAIRBOURN, FRIEDMAN<br>& BALINT, P.C.<br>2325 East Camelback Road, Suite 300<br>Phoenix, Arizona 85016<br>Telephone: (602) 274-1100 | Stewart M. Weltman<br>SIPRUT, PC<br>17 N. State Street<br>Suite 1600<br>Chicago, Illinois 60602<br>Telephone: (312) 236-0000 |
| Max A. Stein<br>BOODELL & DOMANSKIS, LLC<br>One North Franklin, Suite 1200<br>Chicago, IL 60606<br>Telephone: (312) 938-1670 | Howard J. Sedran<br>LEVIN FISHBEIN SEDRAN & BERMAN<br>510 Walnut Street<br>Philadelphia, Pennsylvania 19106<br>hsedran@lfsblaw.com<br>Telephone: (215) 592-1500 |
| WESTERMAN LAW CORP.<br>Jeff S. Westerman (94559)<br>1875 Century Park East, Suite 2200<br>Los Angeles, CA 90067<br>Tel: (310) 698-7880 | |

1 | 4. <u>For settlement purposes only</u>, the Court appoints the Named Plaintiff as representative of the Settlement Class.

5. The Court finds that notice to the Settlement Class has been provided in accordance with the Court's Preliminary Approval Order. This notice, in form, method, and content, fully complied with the requirements of Rule 23 and due process, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons entitled to notice of the settlement.

6. The settlement set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class. The Settlement Agreement was arrived at through good-faith bargaining at arm's-length, without collusion, conducted by counsel with substantial experience in prosecuting and resolving consumer class actions. The settlement consideration provided under the Settlement Agreement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties. The consideration to be provided to members of the Settlement Class is reasonable, considering the facts and circumstances of the numerous types of claims and affirmative defenses asserted in the Litigation, and in light of the complexity, expense, and duration of litigation and the risks involved in establishing liability and damages and in maintaining the class action through trial and appeal. All terms of the settlement and Settlement Agreement are approved by this Final Approval Order. The fact that this Final Approval Order specifically identifies or summarily recapitulates some, but not other, provisions of the Settlement Agreement does not modify any provision of the Settlement Agreement, nor does it elevate or demote any provision vis á vis any other provision, nor does it create an inference in that regard.

7. All Settlement Class members who failed to submit an objection to the settlement in accordance with the deadline and procedure set forth in the Preliminary Approval Order are deemed to have waived and are forever foreclosed from raising

the objection and are foreclosed from seeking any adjudication or review of the Settlement Agreement by appeal or by any other means.

8. Any Settlement Class Member who has not submitted a complete and timely Claim Form in compliance with the Settlement Agreement and the Court's Preliminary Approval Order shall not be entitled to any benefits under the settlement, but, unless they have opted out, nonetheless shall be barred by the Release and provisions of the Settlement Agreement and the Final Order and Judgment.

9. The Court orders that any member of the Settlement Class who has not submitted a timely, written request for exclusion from the Settlement Class (*i.e.*, become an Opt-Out) as directed in the Preliminary Approval Order is bound by all proceedings, orders, and judgments in the Litigation, even if such Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release (as set forth in Section VII Paragraphs D - F of the Settlement Agreement).

10. The Parties, the Released Parties, and each Settlement Class member have irrevocably submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding, or dispute relating in any way to, or arising out of, the Released Claims, the Settlement Agreement, or this Final Judgment and Order.

11. The Parties are directed to consummate the Settlement Agreement in accordance with its terms. The Parties and any and all Settlement Class members who did not timely exclude themselves from the Settlement Class are bound by the terms and conditions of the Settlement Agreement.

12. The requirements of Rule 23(a) and (b)(3) have been satisfied for purposes of settlement. The Settlement Class is so numerous that joinder of all members is impracticable; there are questions of law or fact common to the Settlement Class; the claims of the Plaintiff are typical of the claims of the Settlement Class; the Plaintiff has, and Settlement Class Counsel have fairly and adequately protected the interests of the Settlement Class, and will fairly and adequately protect

1  the interests of the Settlement Class; and the questions of law or fact common to Settlement Class members predominate over any questions affecting only individual members.

13. Subject to the terms and conditions of the Settlement Agreement, this Court hereby dismisses the Litigation with prejudice as to all Released Parties, without fees or costs, except as provided in the Settlement Agreement.

14. By operation of this Final Judgment and Order, the Releasing Parties release and forever discharge the Released Parties from the Released Claims, and the Released Parties release and forever discharge Plaintiff and Settlement Class Counsel, as set forth in Section IX, Paragraphs B and C of the Settlement Agreement.

15. Pharmavite shall not be required to recall, relabel, repackage, remove from shelves, or pull or withdraw from distribution or inventory any Covered Products that have been manufactured or shipped by Pharmavite prior to the date starting 180 days after the Effective Date.

16. Neither the Settlement Agreement, nor any of its provisions, nor any of the documents (including but not limited to drafts of the Settlement Agreement, this Preliminary Approval Order, or the Final Order and Judgment), negotiations, or proceedings relating in any way to the Settlement, shall be construed as or deemed to be evidence of an admission or concession by any person, including Pharmavite, and shall not be offered or received in evidence, or subject to discovery, in this or any other action or proceeding except in an action brought to enforce its terms or except as may be required by law or Court order.

17. The Court makes the following awards to Plaintiff and Settlement Class Counsel:

   a. **$ 3,475,000.00** as attorneys' fees collectively to Bonnett, Fairbourn, Friedman & Balint, P.C., Siprut, PC, Boodell & Domanskis, LLC, Levin Sedran & Berman, and Westerman Law Corp.

   b. **$ 600,000.00** as costs collectively to Bonnett, Fairbourn, Friedman & Balint,

|   |   |
|---|---|
| 1 | P.C., Siprut, PC, Boodell & Domanskis, LLC, Levin Sedran & Berman, and |
| 2 | Westerman Law Corp. |

c. **$ 10,000.00** as an incentive award to the Class Representative.

In accordance with the Settlement Agreement, these amounts shall be paid to the escrow/trust account of Bonnett, Fairbourn, Friedman, & Balint, P.C. for further distribution to Plaintiff and Settlement Class Counsel.

18. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

19. Neither Settlement Class Counsel's applications for an incentive award, attorneys' fees, and reimbursement of expenses, nor any order or proceedings relating to such applications, nor any appeal from any order relating thereto or reversal or modification thereof, shall in any way affect or delay the finality of this Judgment, and all such matters shall be considered separate from this Final Judgment and Order.

20. Without affecting the finality of this Final Judgment and Order, the Court retains exclusive jurisdiction over this action, the Parties, and all Settlement Class members to determine all matters relating in any way to the Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including but not limited to the administration, implementation, interpretation, or enforcement of such orders or Agreement.

21. Based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Order notwithstanding the Court's retention of jurisdiction to oversee implementation and enforcement of the Settlement Agreement, the Court directs the Clerk to enter final judgment.

**IT IS SO ORDERED.**

Dated: December 4, 2017

*Christina A. Snyder*
**Hon. Christina A. Snyder**
**U.S. District Judge**