Caroline Tucker, Esq.
Tucker | Pollard
2102 Business Center Dr., Suite 130
Irvine, CA 92612
Office 949-253-5710
Fax 949-269-6401
ctucker@tuckerpollard.com

*Attorney for Objector*
JUSTIN FERENCE

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOREAN BARRERA, On Behalf of Herself and All Others Similarly Situated,<br><br>                    Plaintiff,<br>vs.<br>PHARMAVITE, LLC, a California limited liability company<br>                    Defendant. | CASE NO. 2:11-cv-04153-CAS(AGR)<br><br><br>CLASS ACTION<br><br><br>**OPPOSITION TO MOTION FOR POSTING OF AN APPEAL BOND** |

# TABLE OF CONTENTS

Table of Contents…………………………………………………………..........ii

Table of Authorities…………………………………………………….……iii

I. Objector cannot be required to post a bond for settlement administration associated with a class settlement while an appeal is pending because these expenses are not taxable under a specific statute or rule. ...…………………………………………..1

II. The *Azizian* factors should not be considered ………………………….…………4

III. The requested bond is being used for an improper purpose….…………………5

Conclusion……………….………………………...…..……………….………….7

Certificate of Service ……………………………………………..……....8

# TABLE OF AUTHORITIES

## Cases

*Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291 (2006)................2

*Azizian v. Federated Dept. Stores, Inc.*, 499 F.3d 950 (9th Cir. 2007) .....................1

*Clark v. Universal Builders, Inc.*, 501 F.2d 324 (7th Cir. 1974)..............................6

*Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987)............................3

*In re Am. President Lines, Inc.*, 779 F.2d 714 (D.C. Cir. 1985)................................6

*In re Magsafe Apple Power Adapter Litig.*, 571 Fed. Appx. 560 (9th Cir. 2014).....2

*Keller v. Natl. Collegiate Athletic Assn.*, C 09-1967 CW, 2015 WL 6178829 (N.D. Cal. Oct. 21, 2015)..................................................4

*Lane v. Facebook, Inc.*, 696 F.3d 811 (9th Cir. 2012)...............................................7

*Lerma v. Schiff Nutrition Intl., Inc.*, 11CV1056-MDD, 2016 WL 773219 (S.D. Cal. Feb. 29, 2016) ..................................................4

*Low v. Trump U., LLC*, 310CV00940GPCWVG, 2017 WL 2655300, (S.D. Cal. June 19, 2017)..................................................3

*Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277 (7th Cir. 2002) ............................7

*Vaughn v American Honda Motor*, 507 F.3d 295 (5th Cir. 2007).............................6

## Statutes

Fed. R. App. P. 39(e) ..........................................................................................2, 5

Fed. R. App. P. 7..................................................................................................1, 6

Class Member/Appellant, Justin Ference, ("Objector") opposes the Motion for Posting of Appeal Bond by Objector Justin Ference and states in support:

**I.      Objector cannot be required to post a bond for settlement administration associated with a class settlement while an appeal is pending because these expenses are not taxable under a specific statute or rule.**

The purpose of an appeal bond is "to ensure payment of costs on appeal." Fed. R. App. P. 7; accord *Azizian v. Federated Dept. Stores, Inc.*, 499 F.3d 950, 955 (9th Cir. 2007). Here, class counsel requests a bond of $80,842.00 to cover settlement administration expenses and costs of appeal.  No rule or statute provides that Objector can be liable for the former and class counsel has provided no detail as how to they arrive for the alleged $2,500.00 costs under Fed. R. App. 39(e).  Thus, an appeal bond in this case is not appropriate.

The Ninth Circuit has considered the propriety of imposing an appeal bond on a class action objector.  The court held that "the term 'costs on appeal' in Rule 7 includes all expenses defined as 'costs' by an applicable fee-shifting statute," *Azizian* at 958. Thus, in the absence of an applicable cost-shifting statute or appellate rule, Objectors are only responsible for normal "costs" under Rule 39, which covers "(1) the preparation and transmission of the record, (2) the reporter's transcript, if needed to determine the appeal, (3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and (4) the fee for filing the notice of appeal." Fed. R. App. P. 39(e).   These "costs" on appeal "rarely exceed a few hundred dollars

when taxed against an appellant. The district court may not include in an appeal bond any expenses beyond those referenced in Fed. R.App. P. 39 unless such expenses may be shifted pursuant to another statute." *In re Magsafe Apple Power Adapter Litig.*, 571 Fed. Appx. 560, 563 (9th Cir. 2014).

Class Counsel has specifically indicated that the alleged costs include the following: "the costs of updating the toll-free settlement phone line (both at the beginning and at the end of the appeal); monthly costs associated with maintaining and updating the Settlement website, maintaining and updating the Interactive Voice Response system; and case management and correspondence, including time and costs to receive and process Class member inquiries." See *Plaintiff's Bond Motion* p. 15. These alleged "costs" are not to be referenced under Fed. R.App. P. 39 and there is no other statute for these "costs" to be shifted.

The Ninth Circuit's approach to defining "costs" on appeal is consistent with the Supreme Court's repeated admonition that the term "costs" is not an open-ended invitation for courts to impose whatever expenses they deem fair, but rather a term of art whose content is bounded by the items specified in statutes or rules. See *Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 297 (2006) (holding that, in the Individuals with Disabilities Education Act, "[t]he use of this term of art [i.e., 'costs'], rather than a term such as 'expenses,' strongly suggests that [the statute's cost-shifting provision] was not meant to be an open-ended provision that

makes participating States liable for all expenses incurred by prevailing [plaintiffs]"); *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987) (holding that "costs" as defined in Federal Rule of Civil Procedure 54 are limited to those specified by statute).

Class counsel's failure to identify a rule or statute that would render Objector responsible for the administration costs is dispositive of the question whether a bond maybe required for these costs. Under *Azizian*, a bond cannot be imposed for costs that cannot be taxed against appellants if they lose on appeal, 499 F.3d at 959, and costs beyond those under Rule 39 cannot be taxed absent statutory authority. *Id*. at 958.

Class counsel cites other non-precedential district court opinion imposing bonds to cover settlement administration costs.  *Plaintiff's Bond Motion*, page 16. Unsurprisingly, what class counsel does not mention are the many recent district court opinions hold that appeal bonds may *not* include settlement administration costs or delay damages.  "Here, Plaintiffs have not cited an applicable fee-shifting statute to justify inclusion of settlement administration costs in Simpson's appeal bond." *Low v. Trump U., LLC*, 310CV00940GPCWVG, 2017 WL 2655300, at *4 (S.D. Cal. June 19, 2017). "Following the rationale of *Azizian*, courts have declined to include delay costs and administration costs in the amount of an appeal bond in the absence of an applicable cost-shifting statute." *Lerma v. Schiff Nutrition Intl.,*

*Inc.*, 11CV1056-MDD, 2016 WL 773219, at *4 (S.D. Cal. Feb. 29, 2016). "Azizian made clear that only those expenses expressly defined as 'costs' by a fee-shifting statute are costs on appeal for purposes of Rule 7. There is no such statute defining administrative expenses related to corresponding with class members and maintaining the settlement website as 'costs.'" *Keller v. Natl. Collegiate Athletic Assn.*, C 09-1967 CW, 2015 WL 6178829, at *2 (N.D. Cal. Oct. 21, 2015).

In sum, almost the entire amount of the bond class counsel requests consists of settlement-administration or delay expenses that are not defined by statute or rule as costs and are therefore not permissible components of an appeal bond under *Azizian*. Accordingly, because class counsel has not identified any costs more than a few hundred dollars that would be taxable against Objector if she does not prevail on appeal, counsel has offered no basis for imposition of a bond. The Court should deny the bond motion.

## II.     The *Azizian* factors should not be considered.

In a case where a bond should be posted, district courts in the Ninth Circuit consider: (1) the appellant's financial ability to post a bond; (2) the risk that the appellant would not pay the appellees' costs if the appeal loses; and (3) the merits of the appeal. *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 961 (9th Cir. 2007).

Here, this *Azizian* analysis does not apply because Plaintiffs have not identified any applicable fee-shifting statute, and they have not requested any "costs" more than a few hundred dollars that are available under Fed. R. App. P. 39(e).  If Plaintiffs had requested an amount that is allowable under the statute, then Objection would find it appropriate to address each factor.  However, as the vast amount of the sum requested by Plaintiffs are administrative expenses which are not allowable expenses under statute or rule, then the Court should not consider the *Azizian* factors. In any event, the analysis of these factors would weigh against the imposition of a bond.

### III.   The requested bond is being used for an improper purpose.

Objector believes that based on the magnitude of the requested bond, the underlying purpose of this motion may not be securing costs but intimidating Objector from exercising her appellate right. Class counsel has spent many pages of its brief inappropriately attacking both Objector and his attorney.  Whereas Objector stands to pocket no money as a result of this appeal, class counsel *does* have a financial incentive to discourage an appeal as they will not get paid until the settlement is final.

Not only should the bond motion be rejected on the merits for the reasons explained above, but this Court should reject the improper use of a Rule 7 bond to deter appeals: "Allowing districts court to impose high Rule 7 bonds where the

appeals *might* be found frivolous risks impermissibly encumbering appellants' right to appeal[.]" *Azizian*, 499 F.3d at 961 (citation, internal quotation marks, and source's alteration marks omitted); *accord In re Am. President Lines, Inc.*, 779 F.2d 714, 718 (D.C. Cir. 1985) ("While, in the federal scheme, appeals found to be frivolous cannot command judicial respect, those possessing merit are normally a matter of right. Courts accordingly must be wary of orders, even those well-meaning, that might impermissibly encumber that right." (footnotes omitted)); *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 341 (7th Cir. 1974) ("[A]ny attempt by a court at preventing an appeal is unwarranted and cannot be tolerated."); *see also Vaughn v American Honda Motor*, 507 F.3d 295, 300 (5th Cir. 2007) (cautioning that "imposing too great a burden on an objector's right to appeal may discourage meritorious appeals or tend to insulate a district court's judgment in approving a class settlement from appellate review" (footnote omitted)).

The availability of an appeal is particularly important for class action objectors, who play a crucial role in the settlement process by speaking for absent class members and ensuring adversarial presentation of issues. "Objectors provide a critically valuable service of providing knowledge from a different point of view [from that of the settling parties.]" *Lane v. Facebook, Inc.*, 696 F.3d 811, 830 (9th Cir. 2012) (Kleinfield, J., dissenting); *see also Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 288 (7th Cir. 2002) (Posner, J.) ("It is desirable to have as broad a

range of participants in the fairness hearing as possible because of the risk of collusion over attorneys' fees and the terms of settlement generally.").

In short, Objector raised valid objections at the fairness hearing and is entitled to pursue those objections to their logical conclusion, which includes the right to appeal and to have the appeal heard, without the threat of having to cover supposed costs that are not covered by rule or statute by lawyers whose agendas are not necessarily in the best interests of the class members.

The use of appeal bonds to chill the pursuit of legitimate, good-faith appeals is a practice that this Court should emphatically discourage.

## CONCLUSION

For the foregoing reasons, the motion to impose an appeal bond should be denied.

Dated: January 29, 2018

Respectfully submitted,

*/s/ Caroline Tucker*
Caroline Tucker, Esq.
Tucker | Pollard
2102 Business Center Dr., Suite 130
Irvine, CA 92612
Office 949-253-5710
Fax 949-269-6401
ctucker@tuckerpollard.com

*Attorney for JUSTIN FERENCE*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the foregoing was filed electronically via CM/ECF on the 29th day of January, 2018 and served by the same means on all counsel of record.

*/s/ Caroline Tucker*
Caroline Tucker, Esq.

8