BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.
Patricia N. Syverson (203111)
Manfred Muecke (222893)
600 W. Broadway, Suite 900
San Diego, California 92101
psyverson@bffb.com
mmuecke@bffb.com
Telephone: (619) 798-4593

BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.
Elaine A. Ryan (*Admitted Pro Hac Vice*)
2325 E. Camelback Road, Suite 300
Phoenix, AZ 85016
eryan@bffb.com
Telephone: 602-274-1100

SIPRUT, PC
Stewart M. Weltman (*Admitted Pro Hac Vice*)
17 North State Street, Suite 1600
Chicago, IL 60602
sweltman@siprut.com
Telephone: (312) 236-0000

Attorneys for Plaintiff
*[Additional Counsel on signature page]*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOREAN BARRERA, On Behalf of Herself and All Others Similarly Situated and the General Public,<br><br>Plaintiff,<br><br>v.<br><br>PHARMAVITE LLC, a California limited liability company,<br><br>Defendant. | Case No. 2:11-cv-04153-CAS (AGrx)<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR POSTING OF AN APPEAL BOND BY OBJECTOR JUSTIN FERENCE**<br><br>Date: February 26, 2018<br>Time: 10:00 a.m.<br>Judge: The Hon. Christina A. Snyder<br>Courtroom: 8D |

Aside from stating in a conclusory fashion that he "raised valid objections" to the Settlement (D.E. 441 ("Opp'n"), at 7), Objector Ference does not address that: (1) he presented boilerplate objections that were specifically considered and rejected by the Court (D.E. 440-1 ("Motion"), at 7-9); (2) he did not even attempt to limit his objections on appeal, despite at least one of them being mooted (*id.* at 1, 9); or that (3) his objections and appeal were made in bad faith as both he and Ms. Tucker are serial objectors who have displayed a pattern of unnecessarily delaying implementation of settlements to extract a financial pay-off (*id.* at 9-13). Similarly, while Objector Ference acknowledges that the *Azizian* factors determine whether an appeal bond applies, he inexplicably brushes them aside arguing that the factors "should not be considered," and that if they were, the Court should simply take his word that they "would weigh against the imposition of a bond" as he makes no offer of support. (Opp'n at 4-5.) As discussed in Plaintiff's Motion (D.E. 440-1 at 5-9), each of the *Azizian* factors weighs in favor of imposing an appeal bond here.

While Plaintiff agrees that "[t]he use of appeal bonds to chill the pursuit of legitimate, good-faith appeals is a practice that this Court should emphatically discourage" (Opp'n at 7), as set forth above and in Plaintiff's Motion, neither Objector Ference's objections nor his appeal are made in good faith. And, since the filing of Plaintiff's Motion, the District Court of Massachusetts, Judge Denise J. Casper, imposed a bond on Objector Ference's counsel, Ms. Tucker (who was acting as an objector this time), in the amount of $311,175. *See Bacchi v. Mass. Mutual Life Ins. Co.*, No. 12-cv-11280-DJC, D.E. 326 (D. Mass. Jan. 25, 2018) (Docket attached hereto as Exhibit A; text entry only, no document attached). In ordering the appeal bond, the court noted that "[w]hether such bond is required and the amount of same is a matter best left to the sound discretion of the district court." *Id.*

Thus, Plaintiff respectfully asks this Court to exercise its discretion here and order Objector Ference to post an appeal bond in the total amount of $80,842.00. Because the basis for Plaintiff's bond request is not attorneys' fees or other damages

1

but instead the administrative costs set forth in Plaintiff's Motion as supported by the settlement administrator's Declaration (D.E. 440-3), Plaintiff's request is consistent with the prior rulings in the Ninth Circuit. *See Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 958 (9th Cir. 2007) (appeal bond cannot include appellate attorneys' fees or damages and penalties but not addressing whether Rule 7 permits the inclusion of other administrative costs); *see also Family PAC v. Ferguson*, 745 F.3d 1261, 1275 (9th Cir. 2014) (recognizing issue in *Azizian* was limited to whether Rule 7 includes attorneys' fees as recoverable "costs"). Post-*Azizian*, numerous courts within this Circuit have held that administrative costs caused by delay may be included in appellate bonds where properly supported.[1]

DATED: February 12, 2018

BONNETT, FAIRBOURN, FRIEDMAN
  & BALINT, P.C.

By: s/*Patricia N. Syverson*
Patricia N. Syverson (203111)
Manfred P. Muecke (222893)
600 W. Broadway, Suite 900
San Diego, California 92101
psyverson@bffb.com
mmuecke@bffb.com
Telephone: (619) 798-4593

---

[1] *See Redwen v. Sino Clean Energy, Inc.*, 2013 WL 12128684, at *2 (C.D. Cal Dec. 20, 2013) (ordering bond including $16,510.50 in additional administration costs "attributable to the delay caused by [objector's] appeal"); *In re Netflix Privacy Litig.*, 2013 WL 6173772, at *4 (N.D. Cal. Nov. 25, 2013) (finding that including $21,344 in administrative costs was proper where "Plaintiffs [did] not seek a bond for delay damages or attorneys' fees, but rather for the administrative costs incurred during the delay of settlement"); *Dennings v. Clearwire Corp.*, 928 F. Supp. 2d 1270, 1272 (W.D. Wash. 2013) (ordering appeal bond including $39,150 to cover the "increased costs of administering the settlement as a result of the appeal"); *Miletak v. Allstate Ins. Co.*, 2012 WL 3686785, at *2 (N.D. Cal. Aug. 27, 2012) (declining to grant request for inclusion of "delay damages" to cover lost post-judgment interest, but awarding $50,000 in "administrative costs" consisting of "the costs incurred in order to continue to service and respond to class members' needs pending the appeal") (internal quotations omitted); *Embry v. ACER Am. Corp.*, 2012 WL 2055030, at *2 (N.D. Cal. June 5, 2012) (declining to grant request for "anticipated delay damages," but imposing appeal bond of $70,650, which encompassed both administrative and taxable costs) (internal quotations omitted); *see also Schulken v. Wash. Mut. Bank*, 2013 WL 1345716, at *8 (N.D. Cal. Apr. 2, 2013) (declining to include delay expenses where appellees "could neither concretely identify the basis for their $10,000 estimate, nor clearly distinguish the projected costs from those that could be claimed as attorney's fees").

BONNETT, FAIRBOURN, FRIEDMAN
  & BALINT, P.C.
Elaine A. Ryan (*Admitted Pro Hac Vice*)
2325 E. Camelback Road, Suite 300
Phoenix, AZ 85016
eryan@bffb.com
Telephone: 602/274-1100
Fax: 602/274-1199

SIPRUT, PC
Stewart M. Weltman (*Admitted Pro Hac Vice*)
17 North State Street, Suite 1600
Chicago, IL 60602
sweltman@siprut.com
Telephone: (312) 236-0000

BOODELL & DOMANSKIS, LLC
Max A. Stein (*Admitted Pro Hac Vice*)
Nada Djordjevic (*Admitted Pro Hac Vice*)
One North Franklin, Suite 1200
Chicago, IL 60606
mstein@boodlaw.com
ndjordjevic@boodlaw.com
Telephone: (312) 938-1670

LEVIN FISHBEIN SEDRAN & BERMAN
Howard J. Sedran
510 Walnut Street
Philadelphia, Pennsylvania 19106
hsedran@lfsblaw.com
Telephone: (215) 592-1500

WESTERMAN LAW CORP.
Jeff S. Westerman (94559)
1875 Century Park East, Ste. 2200
Los Angeles, California 90067
Telephone: (310) 698-7450
jwesterman@jswlegal.com

*Attorneys for Plaintiff and the Class*

# CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

I certify under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on February 12, 2018.

BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.

*s/Patricia N. Syverson*
Patricia N. Syverson (203111)
Manfred Muecke (222893)
600 W. Broadway, Suite 900
San Diego, California 92101
psyverson@bffb.com
mmuecke@bffb.com
Telephone:  (619) 798-4593