| | | | |
|---|---|---|---|
| | CIVIL MINUTES – GENERAL | | 'O' |
| Case No. | 2:11-cv-04153-CAS(AGRx) | Date | February 26, 2018 |
| Title | LOREAN BARRERA v. PHARMAVITE LLC | | |

| | | |
|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | |
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:

Patricia Syverson

Stewart Weltman

Attorneys Present for Defendants:

Juliet Markowitz

Attorneys Present for Objector:

Caroline Tucker

**Proceedings:** PLAINTIFF'S MOTION FOR POSTING OF AN APPEAL BOND BY OBJECTOR JUSTIN FERENCE (Dkt. 440, filed January 16, 2018)

## I. INTRODUCTION

On May 13, 2011, plaintiff Lorean Barrera filed a putative class action suit in connection with the marketing and sales of defendant Pharmavite's "TripleFlex" dietary supplements. Dkt. 1. On November 19, 2014, the Court certified two classes. Dkt. 192. On June 5, 2017, the Court preliminarily approved a settlement agreement between the parties. Dkt. 423.

On November 13, 2017, objector Justin Ference filed an objection to the class action settlement. Dkt. 429. On December 4, 2017, the Court held a hearing, granted final approval of the class action settlement, and entered judgment. Dkt. 436.

On December 28, 2017, Ference filed a notice of appeal of the settlement. Dkt. 438. On January 16, 2018, plaintiff filed a motion for posting of an appeal bond by objector Justin Ference, pursuant to Federal Rule of Appellate Procedure 7. Dkt. 440

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|---|
| Case No. | 2:11-cv-04153-CAS(AGRx) | | Date | February 26, 2018 |
| Title | LOREAN BARRERA v. PHARMAVITE LLC | | | |

("Motion"). On January 29, 2018, Ference filed an opposition, dkt. 441 ("Opp'n"), and on February 12, 2018, plaintiff filed a reply, dkt. 442 ("Reply").

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

Federal Rule of Appellate Procedure 7 ("Rule 7") provides that "[i]n a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. The district court has discretion to determine the amount of a bond. See Azizian v. Federated Dep't Stores, Inc., 499 F.3d 950, 955 (9th Cir. 2007). "[T]he purpose of [an appeal bond] is to protect an appellee against the risk of nonpayment by an unsuccessful appellant." Fleury v. Richemont N. Am., Inc., 2008 WL 4680033, at *6 (N.D. Cal. Oct. 21, 2008) (quotations and citations omitted). "[T]he question of the need for a bond, as well as its amount, are left [to] the discretion of the trial court." Id.

## III. DISCUSSION

Pursuant to Rule 7, plaintiff requests the Court to order Ference to post an appeal bond in the amount of $80,842.00. Motion at 1.

### A. Whether a Bond is Required

In determining whether a bond should be required, courts have considered: (1) the appellant's financial ability to post a bond; (2) the risk that the appellant would not pay the appellee's costs if the appeal loses; and (3) the merits of the appeal. See Fleury, 2008 WL 4680033, at *6–7. While an appeal bond may cover costs on appeal, those costs may only include attorneys' fees if the claim is brought under a fee-shifting statute that would allow recovery from an objecting class member, as opposed to a defendant. Azizian, 499 F.3d at 953–54. Even if a district court concludes that attorneys' fees are likely to be awarded on the ground that an appeal is frivolous, the district court may not include such fees in an appeal bond. See id. at 954.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:11-cv-04153-CAS(AGRx) | Date | February 26, 2018 |
| Title | LOREAN BARRERA v. PHARMAVITE LLC | | |

With respect to the first factor—the ability to post a bond—the Court observes that Ference presents no evidence of an inability to post bond. See Schulken v. Washington Mut. Bank, 2013 WL 1345716, at *4 (N.D. Cal.) ("District courts have found that this factor weighs in favor of a bond, absent indication that the [party] is unable to post a bond."). Thus, this factor weighs in favor of imposing an appeal bond.

When analyzing the second factor, district courts have recognized that it can be difficult to collect costs from out-of-state appellants. See, e.g., Low v. Trump U., LLC, 10-CV-00940-GPC-WVG, 2017 WL 2655300, at *4 (S.D. Cal. June 19, 2017); Keller v. Nat'l Collegiate Athletic Ass'n, No. 09-CV-1967-CW, 2015 WL 6178829, at *3 (N.D. Cal. Oct. 21, 2015); Padgett v. Loventhal, 2015 WL 4240804, at *3 (N.D. Cal.); Schulken, 2013 WL 1345716, at *5, Embry v ACER America Corp., 2012 WL 2055030, at *1 (N.D. Cal. June 5, 2012). Plaintiff argues that, should the appeal fail, Ference's residency in Boulder, Colorado will make it much more difficult for plaintiff to collect costs and for the class to collect its losses. Motion at 7. In opposition, Ference argues that "an analysis of these factors would weigh against imposition of a bond." Opp'n at 5. In this instance, because Ference lives outside of the Ninth Circuit's jurisdiction, the Court recognizes the potential difficulties and risks associated with collecting costs from Ference. Accordingly, the Court concludes that this factor weighs in favor of an appeal bond.

The third factor concerns the likelihood that Ference will lose the appeal and be subject to costs. The Court notes that only one class member—Ference—objected to the settlement, only one individual opted out, and as of November 13, 2017, there were 98,852 settlement class members who submitted claims. See Dkt. 431-3. Moreover, it appears unlikely that Ference's arguments will succeed on appeal given that the Court considered Ference's objections to the settlement, found them meritless—and one moot—at the December 4, 2017 hearing, and approved the settlement.

Therefore, upon review of the record, the Court finds that posting of an appeal bond is warranted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:11-cv-04153-CAS(AGRx) | Date | February 26, 2018 |
| Title | LOREAN BARRERA v. PHARMAVITE LLC | | |

### B. The Amount of Bond Required

Plaintiff requests an appeal bond in the amount of $80,842.00—which includes $2,500.00 in taxable costs and $78,342.00 in "administrative costs." Motion at 14–17. In particular, plaintiff requests anticipated "administrative costs" associated with appeal that include updating the toll-free settlement phone line; maintaining and updating the settlement website and the interactive voice response system; and case management and correspondence. Opp'n at 15.

The Ninth Circuit has held that Rule 7 costs on appeal include those identified in Federal Rule of Appellate Procedure 39(e), which include preparation of the record, the reporter's transcript, and filing fees. Azizian, 499 F.3d at 958. Here, the Court finds that plaintiff's projected expenditure of $2,500.00 in taxable costs is reasonable given plaintiff's expected motions and their anticipated filing fees, printing and copying expenses, and costs of compilation of the lengthy record. See, e.g., Dennings v. Clearwire Corp., 928 F. Supp. 2d 1270, 1272 (W.D. Wash. 2013) (authorizing $2,000.00 bond for the cost of acquiring transcripts and filing documents); Redwen v. Sino Clean Energy, Inc., No. 11-CV-3936-PA (SSX), 2013 WL 12128684, at *2 (C.D. Cal. Dec. 20, 2013) (granting $900 in Rule 39 appellate costs); Miletak, 2012 WL 3686785, at *2 (granting $10,000.00 in Rule 39 appellate costs).

With respect to plaintiff's request for $78,342.00 in administrative costs, the Court observes that many district courts in this Circuit have interpreted Rule 7 to include increased expenses in settlement administration and administrative costs pending appeal. See, e.g., Dennings, 928 F. Supp. 2d at 1272 (authorizing $39,150.00 for expected administrative costs pending appeal); Redwen, 2013 WL 12128684, at *2 (finding $17,410.50 in administrative costs reasonable to include in Rule 7 bond); Miletak, 2012 WL 3686785, at *2 (finding "good cause" supported including $50,000 in "administrative costs" incurred in order "to continue to service and respond to class members' needs pending the appeal"); Embry, 2012 WL 2055030, at *1 (concluding that $70,650.00 in anticipated costs was appropriate for Rule 7 bond). Here, the claims administrator has estimated that "numerous expenses and staff hours will be incurred as a result of an appeal," which include monthly costs to manage the toll-free settlement phone line, settlement website, and the interactive voice response system, and costs to support case management and correspondence with class members. See Supplemental

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:11-cv-04153-CAS(AGRx) | Date | February 26, 2018 |
| Title | LOREAN BARRERA v. PHARMAVITE LLC | | |

Declaration of Phil Cooper, Dkt. 440-3 ¶¶ 1–3.  Without more specificity as to how staff hours and monthly website and phone line maintenance amount to $78,342.00 over the projected pendency of appeal, the Court declines to authorize such a sum.  Although these projective administrative costs do not seem necessarily accurate, it does appear that the claims administrator will need to respond to inquiries regarding the status of the settlement and will need to maintain the website, phone line, and voice response system until the appeal is resolved.  In light of these anticipated expenses, the Court finds that $5,000.00 is reasonable and is a sufficient sum to cover these costs.  Accordingly, the Court finds good cause to impose an appeal bond in the amount of $7,500.00, which represents $2,500.00 in appellate costs and $5,000.00 in administrative costs.

## V. CONCLUSION

In accordance with foregoing, the Court **GRANTS** plaintiff's motion to impose an appeal bond.  Ference is ordered to either (1) post a bond in the amount of $7,500.00 within ten days of the date of this order, or (2) file a notice of dismissal of appeal.

IT IS SO ORDERED.

| | 00 | : | 16 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |